In the Matter of WILLIAM S. HANFT, an Attorney, Respondent.

Second Department, January 5, 1942.

George C. *Wildermuth* [*Charles Goodwin* with him on the brief], for the petitioner.

*Harvey I. Harris,* for the respondent.

PER CURIAM. Respondent was admitted to the bar June 25, 1926, at a term of the Appellate Division of the Supreme Court of the State of New York, Second Department.

The Brooklyn Bar Association charged the respondent with professional misconduct. An official referee, to whom the matter was referred, has found him guilty of the following charges, among others:

1. Fraud in representing both seller and purchaser on the sale of a certain business and chattels; that while so acting, he prepared or had prepared a bill of sale containing the usual negative covenant restraining the seller from engaging in the same business within a restricted area for a limited time. In violation of the covenant the seller did engage in such business. The purchaser instituted an action against the seller to enforce the restrictive covenant, and the respondent, through the name of another attorney, and without that attorney's consent, appeared for the seller in the action, wherein the respondent interposed an answer denying that the restrictive covenant was contained in the original bill of sale as executed and delivered, and alleging that if there was such a covenant in the original, a copy of which was annexed to the complaint in the action, it was inserted after the bill of sale had been executed and delivered. The respondent also submitted in that action his own affidavit stating, in substance, his recollection of the conversations between the parties at the time of the completion of the sale, as well as what was said upon the delivery of a general release.

2. Wrongfully converting to his own use funds intrusted to him for a specific purpose.

3. Receiving a retainer from a client to obtain a divorce for her, and then commencing an action for divorce against her husband upon a written complaint prepared by him without having received and without knowledge of any facts upon which to base such an action; that after the action was commenced respondent repeatedly advised his client that the case had been placed on the calendar, although, in fact, it had not been so placed.

The record conclusively sustains the findings of the official referee that the respondent has been guilty of professional mis-

conduct, and the report should be confirmed, the respondent disbarred and his name ordered to be struck from the roll of attorneys.

Present — LAZANSKY, P. J., JOHNSTON, ADEL, TAYLOR and CLOSE, JJ.

Motion to confirm report of official referee granted, respondent disbarred and his name ordered to be struck from the roll of attorneys.